**JURY DEMAND**

**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WIL WALWYN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CA NO. _____ |
| | § | |
| **EQUINIX, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, Wil Walwyn (hereinafter "Plaintiff" or "Walwyn") and files this Original Complaint (hereinafter this "Complaint"), complaining of Equinix, Inc. (hereinafter "Defendant" or "Company" or "Equinix") and in support thereof respectfully shows the Court as follows:

**I.
THE PARTIES**

1. Plaintiff is an individual who is a citizen of the State of Texas and resides in Denton County, Texas.

2. Defendant is a Delaware corporation with its principal place of business in California.

**II.
JURISDICTION**

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1332 because there is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of costs and interest, and the claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and as amended (42 U.S.C. §2000e et seq).

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

## III.
## VENUE

4.     Venue of this action is governed by 28 U.S.C. §1391 and is proper in the Northern District of Texas because Walwyn was employed by the Defendant in Dallas County, Texas and a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## IV.
## SERVICE

5.     Defendant is a foreign corporation that does business in Texas. The Defendant may be served through the Texas Secretary of State.

## V.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Plaintiff timely filed charges of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"). The EEOC Notice of Right to Sue was issued on September 19, 2024.

7.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit and his lawful recovery herein.

## VI.
## FACTUAL BACKGROUND

8.     Plaintiff began his employment with Equinix, Inc. in March 2003 and was terminated without any just cause and for false reasons almost 20 years later on July 11, 2022. At the time of Plaintiff's termination, Plaintiff reported to Don Reid (Director) who reported to Fabio Moura (VP), who reported to Chris Kimm ("Kimm") (SVP).

9.     On July 11, 2022, Kimm terminated Plaintiff via a zoom call. Kimm was cold and callous during the termination call. Prior to his termination Plaintiff was an excellent employee and had received no performance or behavioral warnings, verbal or written. Plaintiff was not

spoken to or notified that there were any issues with his performance or his behavior. In fact, three months prior to Plaintiff's termination, Plaintiff received a merit promotion from Manager to Senior Manager.

10. Plaintiff's termination was discriminatory based upon his gender and his race (male and African American) and also an act of retaliation by Kimm and HR.

11. Some of the rumors Plaintiff heard in relation to the reason he was terminated were that he sexually harassed or harassed women, he accepted a gun from a vendor as a gift, and he improperly used a company issued truck. None of these reasons are true. Leaving aside the fact that Plaintiff was not ever provided with the name of any woman who had any issues with him, Plaintiff never harassed, much less sexually harassed, any female nor has he ever accepted any gifts from vendors or misused any Company property.

12. On June 24, 2022, less than three (3) weeks prior to Plaintiff being fired based on false reasons, Plaintiff opened a claim with HR against a Caucasian male Technician, Garret Taylor ("Garret"). Garret told a black Technician, Mark Wilson, to come and suck on his penis. Local HR believed this only merited a verbal warning; HR explained to Plaintiff that this type of behavior was typical in Dallas and if Garret was held accountable, others would have to also be held accountable. Plaintiff pushed back on that decision and complained that if the roles were reversed and the offending individual was black, a more serious reprimand would have been given. Plaintiff's complaint was rejected by Senior HR personnel who decided that a verbal warning was sufficient.

13. Plaintiff's VP, Fabio Moura, after hearing that Kimm was going to hire Plaintiff's replacement, predicted to Plaintiff (before Moura was informed who Plaintiff's replacement would be) that it would be a Caucasian female because, as also stated by Fabio Moura, "Kimm prefers to

hire and primarily hires Caucasian females." As predicted, Plaintiff's replacement was a Caucasian female, Hope Thompson.

14. This discrimination in favor of women and particularly in favor of Caucasian women was something Kimm had been advocating for several years. Supervisors were repeatedly told to hire women, and Plaintiff specifically was told by his leadership that with regard to hiring, he did not have a choice.

15. Because the slanderous and unsupported rumors about Plaintiff allegedly having engaged in harassment of women reached other regions of Equinix and outside of Equinix, to this date Plaintiff has been unable to find employment. For example, Paul Hohnsbeen ("Hohnsbeen"), a former employee of Equinix, tried to reach Plaintiff within days of his termination but by the time the false rumors of harassment became widespread, Hohnsbeen stopped contacting Plaintiff and Plaintiff has not heard from Hohnsbeen since.

16. Plaintiff's termination was unjustified and was based on false reasons. The real reasons Plaintiff was terminated included discriminatory favoritism toward Caucasian women, one of whom was hired to replace Plaintiff, and unlawful retaliation for Plaintiff having complained (less than 3 weeks before) about abusive language by a Caucasian employee directed to an African American employee and the Company's ineffective and minimal actions after the harassing behavior of the Caucasian employee was confirmed.

### VII.
### COUNT ONE
### RACE DISCRIMINATION

17. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

18. Plaintiff pleads a cause of action against Defendant under Title VII of the 1964 Civil Rights Act, as amended, for race discrimination and disparate treatment in connection with Plaintiff's employment and termination.

19. As described above, Plaintiff was subjected to adverse employment decisions, fired for false reasons, and otherwise discriminated against by Defendant because of Plaintiff's race. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

20. Plaintiff has met all procedural and administrative requirements of bringing this claim.

21. As a direct and proximate result of the acts complained of above, Plaintiff has suffered damages, including without limitation lost wages, back pay, front pay, and compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

22. As a result of Defendant's behavior, Plaintiff has been forced to retain legal counsel and has incurred reasonable attorneys' fees in the prosecution of this matter. Plaintiff is entitled to recover these fees and costs pursuant to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a.

23. Because Defendant acted with malice or with reckless indifference to Plaintiff's rights, Plaintiff is entitled to punitive damages.

### VIII.
### COUNT TWO
### SEX DISCRIMINATION

24. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

25. Plaintiff pleads a cause of action against Defendant under Title VII of the 1964 Civil Rights Act, as amended, for sex discrimination and disparate treatment in connection with Plaintiff's employment and termination.

26. As described above, Plaintiff was subjected to adverse employment decisions, fired for false reasons, and otherwise discriminated against by Defendant because of Plaintiff's sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-2(a).

27. Plaintiff has met all procedural and administrative requirements of bringing this claim.

28. As a direct and proximate result of the acts complained of above, Plaintiff has suffered damages, including without limitation lost wages, back pay, front pay, and compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

29. As a result of Defendant's behavior, Plaintiff has been forced to retain legal counsel and has incurred reasonable attorneys' fees in the prosecution of this matter. Plaintiff is entitled to recover these fees and costs pursuant to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a.

30. Because Defendant acted with malice or with reckless indifference to Plaintiff's rights, Plaintiff is entitled to punitive damages.

## IX.
## COUNT THREE
## TITLE VII RETALIATION

31. The allegations contained in the paragraphs of this Complaint are hereby reaverred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

32. Plaintiff complained to the Company (less than 3 weeks before he was fired for false reasons) about abusive language by a Caucasian employee directed to an African American employee and the Company's ineffective and minimal actions after the harassing behavior of the Caucasian employee was confirmed. These employment actions were unlawful in violation of Title VII, 42 U.S.C. § 2000e-3(a). Defendant intentionally retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended. But for Plaintiff having engaged in protected activity by opposing practices made unlawful under the statute as described above, he would not have been terminated when he was terminated.

33. As a result of the unlawful retaliatory actions of Defendant as described above, Plaintiff has suffered and will continue to suffer damages including, without limitation, lost wages, back pay, front pay, and compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

34. At all times relevant to this action, Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under Title VII, thus entitling Plaintiff to punitive damages.

35. Plaintiff is also entitled to reasonable attorneys' fees and costs.

## X.
## ATTORNEYS' FEES

36. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

37. In addition to actual, compensatory, and punitive damages, Plaintiff seeks to recover his reasonable attorneys' fees and costs, including reasonable expert witness fees, as permitted under Title VII.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

## XI.
## **COMPENSATORY AND PUNITIVE DAMAGES**

38. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes with and incorporated herein with the same force and effect as if set forth verbatim.

39. As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against Plaintiff, Plaintiff is entitled to "compensatory" and/or liquidated, and/or exemplary damages.

40. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's discriminatory behavior. Plaintiff is entitled to receive compensatory damages for such mental anguish.

41. Plaintiff further pleads that Defendant is liable for exemplary damages. Defendant engaged in unlawful discriminatory and retaliatory practices with malice or reckless indifference to Plaintiff's federally protected rights. As such, Defendant is liable for exemplary damages under the applicable law.

## XII.
## **JURY DEMAND**

42. Plaintiff demands that this Court empanel a lawful jury to hear this case.

## XIII.
## **RESERVATION OF RIGHTS**

43. Plaintiff specifically reserves the right to bring additional causes of action against Defendant and to amend this Complaint as necessary.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

# XIV.
# PRAYER

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant, be cited to appear and answer herein and that upon final hearing, Plaintiff have and recover from the Defendant as follows:

a. Lost compensation, including salary, bonuses, and equity rights;
b. Back pay and front pay;
c. Compensation for loss of employee benefits;
d. Additional compensatory damages for damages for Plaintiff's mental anguish, pain, and suffering;
e. Punitive damages;
f. Pre- and post-judgment interest at the highest rates allowed by law;
g. All reasonable and necessary attorneys' and paralegal fees and expert fees incurred as specified herein;
h. All damages recoverable under Title VII, 42 USC §1981a.
i. All costs of court; and
j. Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Respectfully submitted,

_____
**ROGGE DUNN**
State Bar No. 06249500
Email: dunn@roggedunngroup.com

**BRYAN C. COLLINS**
State Bar No. 04604850
Email: collins@roggedunngroup.com

**ROGGE DUNN GROUP**
1201 Elm Street
Dallas, Texas 75270-2142
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**